FIRST DIVISION

February 10, 2003

No. 1-01-4526

STATE FARM MUTUAL INSURANCE COMPANY, ) Appeal from the

 ) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

)

v. )

) 

IBRAHIM NASSER, ) Honorable

        ) James P. McCarthy,

Defendant-Appellee.   ) Judge Presiding.

            

JUSTICE O'MALLEY delivered the opinion of the court:

The plaintiff, State Farm Mutual Insurance Company filed this action against defendant, Ibrahim Nasser, alleging that his negligent driving caused an accident with its insured, Harivada Acharya.  Following mandatory arbitration, an award was entered in favor of plaintiff.  Defendant filed a timely notice of rejection of the award, which was allowed by the trial court.  Defendant subsequently filed a motion to bar plaintiff from presenting any evidence or testimony at trial as a sanction under Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)) for its failure to participate in good faith at the arbitration hearing.  After a hearing, the trial court found a Rule 219(c) (166 Ill. 2d R. 219(c)) sanction appropriate, and granted defendant's motion.  
Defendant subsequently filed a motion for summary judgment, which was also granted.

On appeal, plaintiff contends that the trial court abused its discretion in finding that it failed to participate in good faith at the arbitration hearing.  Plaintiff also contends that the trial court abused its discretion in barring it from presenting evidence at trial.   We agree and vacate the judgment of the circuit court and remand the cause for further proceedings.

On December 7, 1998, plaintiff filed a subrogation action seeking damages from defendant in connection with an automobile accident which occurred on September 14, 1997, in Chicago.  According to the complaint, plaintiff's insured, Harivada Acharya, was "rear-ended" by defendant, and sustained injuries as well as property damage.  Plaintiff sought $7,492.53 plus costs as reimbursement for amounts paid to its insured for property damage and medical bills as a result of the accident.  On September 1, 2000, defendant filed his appearance and, 
inter
 
alia
, a notice to produce pursuant to Supreme Court Rule 237 (166 Ill. 2d R. 237) notifying plaintiff to produce at the mandatory arbitration hearing "Plaintiffs, Harivada Acharya, and Co-Defendant(s) at the commencement of the case in chief of Defendant Ibrahim Nasser."

The case was subsequently assigned to mandatory arbitration and the arbitration hearing was scheduled for June 26, 2001.  On June 13, 2001, defendant moved to be excused from the arbitration hearing under Supreme Court Rule 90(g) (166 Ill. 2d R. 90(g)), because he was admitting negligence.  On June 18, 2001, the trial court entered an order excusing defendant's presence at the arbitration hearing because he had admitted negligence and proximate cause, but the order stated that plaintiff's insured was not excused from the arbitration hearing because testimony was needed concerning medical payments.

On June 25, 2001, plaintiff filed an emergency motion for leave to take the telephone testimony of its insured at the arbitration hearing the next day because the insured had a heart condition and his leg had been amputated.  Attached to the motion was an affidavit from the insured, dated August 8, 2000, averring to his medical condition.  The trial court continued the motion until the next day for proof of the insured's medical condition.  The trial court subsequently denied the motion.

On the same day, the arbitration hearing commenced as scheduled, and according to both parties, plaintiff's attorney was present but its insured was not.  The arbitrators entered an award for plaintiff and against defendant in the amount of $5,699.12.  Neither party was awarded costs and the award does not state that plaintiff acted in bad faith.  The record does not contain a transcript of the arbitration hearing.  Defendant filed a timely notice of rejection of the award and requested a trial.

Defendant then filed a motion for sanctions pursuant to  Supreme Court Rules 91(b) (145 Ill. 2d R. 91(b)) and 219(c) (166 Ill. 2d R. 219(c)) seeking to bar plaintiff from presenting any evidence at trial.  The motion alleged that plaintiff failed to participate in the arbitration hearing in good faith, and for violated Rule 237 (166 Ill. 2d R. 237) by not producing its insured or its adjuster at the arbitration hearing.  Plaintiff did not file a written response to defendant's motion.

A hearing was held on defendant's motion on September 26, 2001, at which time  plaintiff responded that "obviously [we] participated in a meaningful good faith manner because we prevailed at arbitration."  Plaintiff also argued that nothing in the award suggested that it failed to participate in a meaningful manner and defendant's Rule 237 notice to produce was legally insufficient because it did not designate any particular representative of its company to appear.  Plaintiff made no argument as to whether defendant's Rule 237 notice to produce was sufficient to compel the appearance of its insured at the arbitration hearing.

The trial court granted defendant's motion for sanctions, stating in part:

"The simple standard that has to apply is would you have tried a case in the same way that you approached this arbitration.  And I don't believe that you go to a trial without bringing in a witness who could at least establish the basic elements of your case.  I understand that there were certain admissions, and I understand there were certain stipulations based on other considerations here, but I don't believe you tried the case. That's the outline standard of 91B [
sic
].  Good faith participation requires you to do that.

* * * 

[I]t's my understanding from everything that I've read that the parties belong there and that the case should be tried on the merits through proper methods of cross-examination and introduction of evidence, not by shuffling papers because that's all that we're accomplishing here.

So in answer to your question under 219C [
sic
], I believe that the sanction is appropriate in that you did not provide an opportunity for this case to be tried on the merits at the arbitration hearing.  This was not meaningful participation bringing in paperwork, particularly on a total loss under the circumstances as it was here."

Without any reference as to the nature of the case or any reference to plaintiff's Supreme Court Rule 90(c) package (166 Ill. 2d R. 90(c)), the trial court then entered a written order barring plaintiff from presenting any evidence at trial.

Defendant subsequently moved for summary judgment, which was granted, and plaintiff now appeals from that order.

On appeal, plaintiff contends that the trial court abused its discretion in finding that it failed to participate in good faith at the arbitration hearing.  It argues that the trial court could not make that finding because the arbitrators did not make such a finding at the hearing and that the appearance of both a party and that party's attorney are not required at an arbitration hearing to avoid sanctions.

Plaintiff also contends that the trial court abused its discretion in barring it from presenting evidence at trial because the sanctions "exceed the bounds of reason," and the sanctions deprive it of the right to have a jury or the court determine its damages.  Plaintiff argues that the appearance by both the party and its counsel are not required to avoid sanctions.  Plaintiff also argues that it fully participated in the arbitration hearing and did not disregard the rules.

Defendant responds that plaintiff disobeyed two court orders, that plaintiff failed to participate in the arbitration hearing in good faith and that plaintiff did not arbitrate the case as it would have tried it.

Supreme Court Rule 91(b) requires all parties to an arbitration hearing to participate in the hearing in good faith and in a meaningful manner.  145 Ill. 2d R. 91(b).  Specifically, the rule provides, in part:

"(b) Good-Faith Participation.  All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner.  If a panel of arbitrators finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award.  Such award shall be 
prima
 
facie
 evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and an court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award, and costs and attorney fees incurred for the arbitration hearing and in the prosecution of the petition for sanctions, against that party."  145 Ill. 2d R. 91(b).

A trial court has discretion to enforce supreme court rules and impose sanctions on the parties as appropriate and necessary to "promote the unimpeded flow of litigation and maintain the integrity of our court system."  
Employer's Consortium, Inc. v. Aaron
, 298 Ill. App. 3d 187, 191 (1998), citing 
Sander v. Dow Chemical Co.
, 166 Ill. 2d 48, 68 (1995).  A trial court's imposition of sanctions under Rule 91 will be reversed only where the court's decision represents an abuse of discretion.  
Goldman v. Dhillon
, 307 Ill. App. 3d 169, 172 (1999).

A party is required to participate in an arbitration hearing in good faith by subjecting the case to the type of adversarial testing expected at a trial.  
Martinez v. Gaimari
, 271 Ill. App. 3d 879, 883-84 (1995).  A party has acted in bad faith where its actions amount to a deliberate and pronounced disregard for the rules and the court.  
State Farm Insurance Co. v. Jacquez
, 322 Ill. App. 3d at 655.  Bad faith may consist of inept preparation or intentional disregard for the process.  
Schmidt v. Joseph
, 315 Ill. App. 3d 77, 83 (2000).

A party who appears at an arbitration hearing through counsel is still subject to sanctions for failure to appear pursuant to a Rule 237 notice.  
State Farm Insurance Co. v. Jacquez
, 322 Ill. App. 3d 652, 655 (2001).  Those sanctions include the barring of testimony.  
Fantasia v. Wiesch
, 273 Ill. App. 3d 102, 104 (1995).

Here, although the record does not contain any transcript of the arbitration proceedings, the record reveals the following.  Plaintiff filed a subrogation action to recover medical and property damages paid to its insured allegedly sustained when defendant "rear-ended" the insured's vehicle.  Defendant filed a Rule 237 notice to produce plaintiff, the insured and any codefendants.  Defendant subsequently admitted liability and proximate cause and was accordingly excused from attending the arbitration hearing.  The trial court, however, did not excuse the insured's attendance and ordered him to be present at the hearing to testify concerning medical payments.  Both parties agree that they appeared through counsel at the arbitration hearing, and that plaintiff's insured did not appear.  It is also undisputed that plaintiff presented evidence of property damage in the form of a Rule 90(c) package.  Apparently, the arbitrators found this evidence persuasive and awarded Plaintiff damages in the amount of 85% of the property damages claimed.  The arbitrators did not make a finding that Plaintiff failed to participate in good faith, nor does the award indicate noncompliance with a Rule 237 notice to produce.

Defendant rejected the arbitration award, then filed a motion for sanctions in which he alleged that Plaintiff's adjuster and its insured were the subject of a notice to produce.  Plaintiff did not file a written response to defendant's motion, but instead argued orally at the hearing on that motion.  Following the hearing, the trial court found that plaintiff failed to participate in the arbitration in good faith because plaintiff did not provide an opportunity for the case to be tried on its merits.  Consequently, the court barred plaintiff from presenting any testimony or other evidence at trial.  Based on this sanction, the court later granted defendant's motion for summary judgment.

Here, we conclude that the trial court abused its discretion in finding that plaintiff participated in the arbitration hearing in bad faith.  Defendant had already admitted liability and proximate cause of the accident, leaving the amount of property damage and medical payments the only issues to be proven at the arbitration.  It is undisputed that plaintiff's counsel was present and presented evidence of property damage through its Rule 90(c) package.  It is also undisputed that there was no evidence presented concerning medical payments.  Although plaintiff did not present any testimony of an adjuster or its insured, we find that defendant's notice to produce was defective in that it only requested "plaintiff(s)" and did not designate a specific employee to appear.  Moreover, Rule 237(b) does not reach plaintiff's insured because the insured was not a party to the lawsuit.  See 166 Ill. 2d R. 237(b); 
State Farm Insurance Co. v. Harmon
, No. 1-01-2838, slip op. at 10-11 (November 27, 2002).  The proper means of securing plaintiff's insured as a witness was the service of a subpoena.  See 166 Ill. 2d R. 237(a).  Defendant bears the responsibility for any alleged insufficiency in adversarial testing because he failed to secure evidence in the appropriate fashion.  See 
State Farm Insurance Co. v. Rodrigues
, 324 Ill. App. 3d 736, 742 (2001).

Since we have found that plaintiff did participate at the arbitration hearing in good faith, it follows then that the trial court's sanction that barred plaintiff from presenting any evidence at trial was an abuse of discretion.

For the foregoing reasons, the judgment of the circuit court is vacated and the cause is remanded for further proceedings.  

Vacated and remanded.

McNULTY and SMITH, JJ., concur.

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

TITLE

of Case

Docket Nos
.

COURT

Opinion

Filed

JUSTICES

Appeal's

Origination.

Counsel for

APPELLANT

Counsel for

APPELLEE

STATE FARM MUTUAL INSURANCE COMPANY,

Plaintiff-Appellant,

v.

IBRAHIM NASSER,

Defendant-Appellee.

No. 1-01-4526

Appellate Court of Illinois

First District, 1
st
 Division

February 10, 2003

JUSTICE O'MALLEY delivered the opinion of the court:

McNULTY and SMITH, JJ., concur.

Appeal from the Circuit Court of Cook County.

The Hon. James P. McCarthy, Judge Presiding.

For Appellant, Susan L. Meadows, STEVEN D. GERTLER & ASSOCIATES, of Chicago.

For Appellee, Matthew E. Luecke, THOMAS L. BURDELIK & ASSOCIATES, of Chicago.