STATE FARM MUTUAL INSURANCE COMPANY, as Subrogee of Shari Spraker *et al.*, Plaintiff-Appellant, v. ORLANDO M. SANTIAGO, Defendant-Appellee.

First District (5th Division)    No. 1—02—3169

Opinion filed November 26, 2003.

Steven D. Gertler & Associates, of Chicago (Adam Schiefelbein, of counsel), for appellant.

Thomas L. Burdelik & Associates, of Chicago (Matthew E. Luecke, of counsel), for appellee.

JUSTICE REID delivered the opinion of the court:

Following a mandatory arbitration hearing in this subrogation action for damages to the vehicle of plaintiff's insureds, the arbitration panel awarded plaintiff State Farm Mutual Insurance Company $1,770.57 against defendant Orlando Santiago. Defendant apparently rejected the award, then subsequently moved to bar plaintiff from presenting testimony or evidence at trial as a sanction for failure to produce the insureds at the arbitration hearing and for summary judgment. The circuit court granted both motions and entered judgment for defendant. On appeal, plaintiff contends that the circuit court abused its discretion in finding that plaintiff failed to participate in the arbitration proceedings in good faith, in imposing sanctions against plaintiff, and in finding that plaintiff violated Supreme Court Rule 237(b) (166 Ill. 2d R. 237(b)). For the reasons set forth below, we vacate said orders of the circuit court and remand this cause for further proceedings.

## BACKGROUND

On November 6, 2001, plaintiff filed this subrogation action against defendant for allegedly damaging the vehicle of its insured, Shari Spraker. The case was assigned to mandatory arbitration, and a hearing was scheduled for July 17, 2002. Defendant filed a notice to produce pursuant to Supreme Court Rule 237(b), requiring plaintiff, Shari Spraker, and her husband Matthew Spraker to appear at the arbitration hearing. Defendant's notice to produce did not require the presence of any particular employee of plaintiff's or even an employee with direct knowledge of the insureds' claim involving defendant.

The hearing was attended by counsel for both parties, an adjuster employed by plaintiff, and by defendant. Plaintiff's insureds were not

present. Plaintiff called defendant as an adverse witness. Defendant testified that he was involved in a collision with the insured vehicle on May 3, 2001. Defendant stated that he was driving approximately 40 miles per hour and that traffic was heavy. He saw that traffic in front of him was stopped and applied his vehicle's brakes, but his vehicle failed to stop and collided with the rear of the insured vehicle. After the collision, he saw that there was damage to the insured vehicle's rear bumper, muffler, exhaust pipe, and shock absorbers. As a result of the accident, defendant was cited for failure to maintain a safe distance, a charge to which he pled guilty.

Plaintiff then called its adjuster, Vali Michael Witz, who testified that plaintiff paid for the damage to the insured vehicle after the collision with defendant's vehicle. She stated that plaintiff inspected the damage and found no prior or unrelated damage before commencing repairs. On cross-examination, Witz stated that she did not personally examine the insured vehicle, that she had not inspected the vehicle prior to the date of the accident, and that she had no knowledge of the vehicle's condition prior to that date. She also stated that none of plaintiff's other employees would know the exact condition of the vehicle before the collision.

Defendant testified again on his own behalf and stated that he had never seen the insured vehicle before he collided with it. Plaintiff also submitted evidence of vehicle damages through a Supreme Court Rule 90(c) package (166 Ill. 2d R. 90(c)).

The arbitration panel awarded $1,770.57 and costs in favor of plaintiff and against defendant. The award did not include a finding of bad faith or a finding of noncompliance with Rule 237(b).

Defendant moved to bar plaintiff from presenting testimony or other evidence at trial and for summary judgment against plaintiff because plaintiff failed to produce its insureds, Matthew and Shari Spraker, or an adjuster with personal knowledge of damages to the Sprakers' vehicle at the arbitration hearing, and thus failed to participate in good faith and in a meaningful manner. Defendant pointed out that plaintiff brought no motion pursuant to Rule 90(g) to excuse the appearance of its insureds or to strike defendant's notice to produce. Defendant also argued that plaintiff failed to prove the element of proximate cause in that plaintiff presented no evidence as to the condition of the Sprakers' vehicle before the time of the accident. Plaintiff responded that it complied with Rule 237(b) by producing its adjuster at the hearing and that Rule 237(b) did not apply to the Sprakers since they were not parties to the case.

The circuit court granted defendant's motion to bar pursuant to Rule 91(b) (145 Ill. 2d R. 91(b)) and entered summary judgment for

defendant, finding that the testimony of plaintiff's insureds was essential to presenting good-faith evidence of the element of proximate cause. The court also found that plaintiff did not fully comply with defendant's Rule 237(b) notice to produce because it did not present an employee with direct knowledge of proximate causation of the claimed damages nor did it secure the presence of the insureds, as defendant had requested.

On appeal, plaintiff contends that it did participate in the arbitration proceedings in good faith and that the circuit court abused its discretion in finding to the contrary. Plaintiff further contends that the sanctions levied by the circuit court exceed the bounds of reason and that defendant's Rule 237(b) notice to produce does not apply to plaintiff or plaintiff's insureds.

## ANALYSIS

■ A circuit court's decision barring a party from presenting evidence at trial and imposing sanctions is subject to an abuse of discretion standard of review. *Pickering v. Owens-Corning Fiberglas Corp.*, 265 Ill. App. 3d 806, 820 (1994). An abuse of discretion occurs when the court's ruling is arbitrary or exceeds the bounds of reason. *Williams v. Dorsey*, 273 Ill. App. 3d 893, 901 (1995).

■ Rule 91(b) provides that parties to an arbitration must participate in the proceedings in good faith and in a meaningful manner. 145 Ill. 2d R. 91(b). Failure by a party to do so may result in sanctions as provided in Supreme Court Rule 219(c), including barring the losing party from rejecting an award or from presenting evidence or testimony at trial. 145 Ill. 2d R. 91(b); 166 Ill. 2d R. 219(c). Parties to an arbitration must subject the case to the same type of adversarial testing expected at trial. Failure to prepare or an intentional disregard for the arbitration process may result in a finding of bad faith. A party acts in bad faith when it demonstrates a deliberate and pronounced disregard for the rules of the court. *Schmidt v. Joseph*, 315 Ill. App. 3d 77, 83-85 (2000). The burden is on the offending party to show that its noncompliance with the rules at arbitration was reasonable or the result of extenuating circumstances. *Kubian v. Labinksy*, 178 Ill. App. 3d 191, 197 (1988).

In support of its contention that it acted in good faith and in a meaningful manner, plaintiff relies upon *State Farm Insurance Co. v. Harmon*, 335 Ill. App. 3d 687 (2002), for the proposition that a plaintiff in arbitration shows good faith and participates in meaningful manner when plaintiff's counsel appears, when an agent of the plaintiff corporation appears, when the plaintiff presents evidence of damages via a Rule 90(c) packet, when the plaintiff elicits testimony from the

defendant establishing liability, and when the arbitration panel makes no finding that the plaintiff participated in the proceedings in bad faith. Plaintiff also contends that it did not fail to comply with defendant's Rule 237(b) notice to produce because the notice did not apply to plaintiff's insureds.

We believe that our holding in *State Farm Mutual Insurance Co. v. Nasser*, 337 Ill. App. 3d 362 (2003), is instructive. In that case, as here, the circuit court granted the defendant's motion to bar the plaintiff from presenting evidence at trial because it determined that the plaintiff had not participated in good faith when the plaintiff failed to produce its insured at the arbitration hearing. We vacated the circuit court's order, holding that the plaintiff did not conduct itself in bad faith when it appeared through counsel, presented a Rule 90(c) package, and was not found to have participated in bad faith by the arbitration panel. We further held that Rule 237(b) did not reach the insured because the insured was not a party to the lawsuit, and that the proper means of securing the insured's presence would have been to serve the insured with a subpoena. Finally, we stated that the defendant bore the responsibility for any alleged insufficiency in adversarial testing by failing to secure evidence in the appropriate manner. *Nasser*, 337 Ill. App. 3d at 367-68; *Harmon*, 335 Ill. App. 3d at 692.

█ In this case, plaintiff presented evidence of damages to the insured vehicle through a Rule 90(c) package, appeared at the arbitration hearing through counsel and through its adjuster, and called defendant as an adverse witness to establish his negligence. The arbitrators did not find that plaintiff failed to participate in good faith or to comply with defendant's Rule 237(b) notice to produce.

We note that plaintiff offered no explanation either in its response to defendant's motion or in its brief that its failure to produce the insureds at the arbitration hearing was reasonable or due to extenuating circumstances, and that there is no indication from the record that plaintiff made reasonable efforts to procure the insureds as witnesses. However, the insureds should have been subpoenaed. *Nasser*, 337 Ill. App. 3d 362. In accordance with our holding in *Nasser*, we see no indication that plaintiff's conduct amounted to a deliberate or pronounced disregard for the rules of arbitration. Plaintiff substantially complied with defendant's Rule 237(b) notice to produce when it appeared through counsel and presented the testimony of its adjustor. Defendant bore the responsibility for securing the presence of the insureds by means of subpoena. Therefore, we conclude that the trial court improperly sanctioned plaintiff for failing to produce the Sprakers pursuant to Rule 237(b).

We are aware of our recent decision in *State Farm Mutual Insurance Co. v. Koscelnik*, 342 Ill. App. 3d 808 (2003), in which we held that the plaintiff in a subrogation action could not prove its claim of negligence by the defendant where neither the plaintiff's insured, the defendant, nor any other eyewitness testified at the arbitration hearing as to who caused the accident for which the plaintiff was seeking recovery. In the case before us, defendant made a similar contention in his motion to bar, alleging that plaintiff failed to prove the proximate cause of the damage to the insured vehicle when it failed to call its insureds and the adjustor who personally handled the insureds' claim. Defendant argued that plaintiff's failure to present evidence establishing that all of the repairs for which plaintiff paid were necessitated by defendant's negligence amounted to participation in bad faith and warranted the sanctions imposed by the circuit court. We disagree.

We find the facts of *Koscelnik* and the case now before us distinguishable. In *Koscelnik*, the plaintiff presented only its Rule 90(c) package and the testimony of one of its adjustors at the arbitration hearing. The parties contested liability. Neither the plaintiff's insureds nor the defendant testified. The arbitration panel entered an award for defendant, who subsequently moved to bar plaintiff from rejecting the award. The circuit court granted the defendant's motion, finding that the plaintiff had failed to participate in the arbitration hearing in good faith. We affirmed the circuit court's order, stating that, without any evidence to establish liability on the part of the defendant, the plaintiff failed to meet the standard of adversarial testing expected at trial.

In this case, plaintiff examined defendant as an adverse witness, and defendant admitted his liability for the accident and that he noticed damage to the insured vehicle after his vehicle collided with it. Also, there was testimony by the claims adjuster that the insured vehicle was examined and that there was no preexisting damage. Plaintiff did in fact present evidence that defendant's negligence proximately caused the damage to the insured vehicle, and the arbitrators found that evidence persuasive in entering an award for plaintiff in the amount sought. Defendant speculates that if he had been allowed to examine the insureds, he may have been able to refute plaintiff's evidence of proximate cause. Under these circumstances, it was defendant's responsibility to subject the element of proximate cause to adversarial testing, either by issuing subpoenas to the Sprakers or specifying an agent of plaintiff's with specific knowledge of the insured vehicle in his Rule 237(b) notice to produce.

## CONCLUSION

For the foregoing reasons, we vacate the orders of the circuit court

that found plaintiff to have failed to participate in the arbitration proceedings in good faith, that imposed sanctions against plaintiff, and that entered judgment for defendant and remand this cause for further proceedings.

Vacated and remanded.

CAMPBELL, P.J., and HARTIGAN, J., concur.