STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant, v. PATRICK J. CULBERTSON, Defendant-Appellee.

First District (5th Division)    No. 1—03—2392

Opinion filed January 21, 2005.

Steven D. Gertler & Associates, of Chicago (Parag P. Bhosale, of counsel), for appellant.

Mordini & Schwartz, of Chicago (Mark A. Mordini, of counsel), for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, State Farm Mutual Automobile Insurance Company, appeals from trial court orders barring plaintiff from presenting any

evidence at trial and entering summary judgment in favor of defendant, Patrick J. Culbertson. On appeal, plaintiff contends that the trial court abused its discretion in finding that plaintiff failed to participate in good faith in the arbitration hearing and imposing sanctions under Supreme Court Rule 91(b). 145 Ill. 2d R. 91(b). For the following reasons, we reverse.

Plaintiff brought a subrogation action to recover money paid for repairs to its insured's vehicle and for the cost of its insured's rental vehicle in the amount of $2,740.43. Pursuant to Supreme Court Rule 237(b) (166 Ill. 2d R. 237(b)), defendant filed a notice to produce plaintiff's insured, Penny Cutshaw, at trial and arbitration. Plaintiff filed a Supreme Court Rule 90(c) (210 Ill. 2d R. 90(c)) package which included proof of payment by plaintiff, a rental bill, a repair bill, photographs of the insured's damaged vehicle, and a Rule 237(b) notice to produce defendant at trial and arbitration.

At the mandatory arbitration hearing, plaintiff presented the testimony of its claims representative and presented defendant as an adverse witness. Although the record does not contain a transcript of the arbitration hearing, the arbitration award indicates that the arbitrators found in favor of plaintiff, awarding $2,500 plus costs. The arbitrators noted that, "State Farm insured, Penny Cutshaw[,] was not present at the arbitration although defense counsel propounded a [Rule] 237 request for her presence on State Farm, the only named plaintiff." The arbitrators did not make a finding of bad-faith participation by plaintiff.

Following arbitration, defendant rejected the arbitration award and filed a motion to bar plaintiff from presenting any evidence or testimony at trial, asserting that plaintiff failed to comply with defendant's Rule 237(b) request when it did not present the insured at arbitration and requesting that the court impose sanctions under Rule 219(c) (166 Ill. 2d R. 219(c)). Plaintiff asserted in its response to defendant's motion to bar that Rule 237 does not provide for a party to request the presence of a nonparty at trial or arbitration; therefore, because Cutshaw was not a party, plaintiff could not be compelled to produce her at arbitration through a Rule 237 notice and could not be sanctioned for failing to do so. The trial court granted defendant's motion, nonetheless, pursuant to Supreme Court Rule 91(b), which requires the parties to an arbitration to participate in good faith and in a meaningful manner. In making its ruling the court stated that it "also considered Supreme Court Rule 237, in that plaintiff's driver failed to appear at the hearing."

Plaintiff then filed a motion to reconsider and defendant filed a

motion for summary judgment. In reconsidering its decision concerning defendant's motion to bar, the trial court denied plaintiff's motion, stating that the "court bases its ruling on [Rule] 91(b) in finding that sanction imposed was reasonable *** the court did not base its ruling or imposition of sanctions on Supreme Court Rule 237." Defendant's motion for summary judgment was subsequently granted.

■ Supreme Court Rule 91(b) requires that parties to an arbitration hearing participate in good faith and in a meaningful manner and allows a trial court to impose sanctions if a party fails to do so. 145 Ill. 2d R. 91(b). Parties to an arbitration act in good faith if they subject their case to the type of adversarial testing that is expected at trial. *State Farm Insurance Co. v. Rodrigues*, 324 Ill. App. 3d 736, 741 (2001). Parties will be deemed to have acted in bad faith if they are unprepared or exhibit deliberate disregard for the rules, the court or the process of arbitration. *State Farm Mutual Insurance Co. v. Nasser*, 337 Ill. App. 3d 362, 367 (2003).

Sanctions imposed under Rule 91(b) will be reversed only if the reviewing court finds that the trial court abused its discretion by acting in an arbitrary manner or exceeding the bounds of reason in imposing sanctions. *Goldman v. Dhillon*, 307 Ill. App. 3d 169, 172 (1999).

■ Plaintiff contends that the trial court abused its discretion in finding that plaintiff acted in bad faith under Rule 91(b). Plaintiff argues that it participated meaningfully in the arbitration process and did not act in deliberate disregard of the rules of the court.

At the arbitration hearing, plaintiff presented testimony of both its claims representative and defendant as an adverse witness. Plaintiff properly filed a Rule 90(c) package which included information regarding the amount of damages and proof of payment. Based on this evidence, the arbitrators entered an award in favor of plaintiff. On the record before us, we cannot conclude that plaintiff failed to subject its case to the type of adversarial testing that is expected at trial or exhibited disregard for the rules of the court or the arbitration process.

Our decision in *State Farm Insurance Co. v. Harmon*, 335 Ill. App. 3d 687 (2002), is instructive. In *Harmon*, we found that the trial court abused its discretion in finding bad faith when plaintiff was represented at the arbitration hearing by its attorney, presented documentary evidence concerning damages and repairs to the insured's vehicle and examined defendant as an adverse witness. *Harmon*, 335 Ill. App. 3d at 690-91. Defendant moved for sanctions contending that plaintiff failed to act in good faith and subject its case to adversarial testing because it did not present testimony of the insured or an employee of plaintiff. *Harmon*, 335 Ill. App. 3d at 690. We held that defendant was responsible for requesting the presence of such witnesses and therefore

bore the burden of any insufficiency of adversarial testing. *Harmon*, 335 Ill. App. 3d at 692.

Defendant's argument that *Harmon* can be distinguished from the instant case is not persuasive. Defendant points out that in *Harmon*, defendant did not request the presence of the insured. *Harmon*, 335 Ill. App. 3d at 688-89. Defendant argues that, in this case, on the other hand, defendant requested the presence of the insured at arbitration through Rule 237(b). Defendant argues that plaintiff acted in bad faith and did not subject its case to adversarial testing because it failed to present the insured at the hearing.

Defendant's reliance on Rule 237(b) is misplaced. Rule 237(b) does not reach the insured, who is not a party in this subrogation lawsuit. See *State Farm Mutual Insurance Co. v. Santiago*, 344 Ill. App. 3d 1010, 1014 (2003). Instead, the alleged tort-feasor bears the burden of securing the insured by means of subpoena. *Santiago*, 344 Ill. App. 3d at 1014. Defendant, therefore, "bore the responsibility for any alleged insufficiency" as he filed a deficient notice to produce. *Santiago*, 344 Ill. App. 3d at 1014.

Furthermore, defendant concedes that in deciding *Harmon*, we did not base our decision on Rule 237(b). Instead we noted that even if defendant had requested the presence of the insured through Rule 237(b), it "would not reach plaintiff's insured because in this case the insured was not a party to the lawsuit." *Harmon*, 335 Ill. App. 3d at 692. In the instant case, the trial court apparently recognized that defendant's argument regarding Rule 237(b) lacked merit, since the trial court explicitly stated, in reconsidering its decision to impose sanctions, that it "did not base its ruling or imposition of sanctions on Supreme Court Rule 237."

Defendant's reliance on Rule 237(b) also ignores this court's decision in *Santiago*. In *Santiago*, we held that the trial court abused its discretion in sanctioning plaintiff even though defendant had requested that the insureds be present at arbitration pursuant to Rule 237(b) and plaintiff had not complied. *Santiago*, 344 Ill. App. 3d at 1014. Although we noted that plaintiff offered no explanation as to why the insureds were not present, we found that plaintiff's behavior did not exhibit disregard for the rules of arbitration. *Santiago*, 344 Ill. App. 3d at 1014. In *Santiago*, as in the case at bar, liability was contested. *Santiago*, 344 Ill. App. 3d at 1012.

In addition, we find the present case distinguishable from *Koscelnik*, in which we held that the trial court did not abuse its discretion in finding that plaintiff had acted in bad faith when liability was contested and plaintiff did not produce its insured or any other eyewitness to the collision during arbitration. *State Farm Mutual Insurance*

*Co. v. Koscelnik*, 342 Ill. App. 3d 808, 813 (2003). In *Koscelnik*, plaintiff offered no evidence of liability. *Koscelnik*, 342 Ill. App. 3d at 813. In the present case, on the other hand, plaintiff offered the adverse testimony of defendant as evidence of liability, and the arbitrators entered an award in favor of plaintiff. We have consistently held that plaintiffs presenting such evidence have acted in good faith and have adequately subjected their cases to the type of adversarial testing expected at trial. See *Santiago*, 344 Ill. App. 3d at 1015; *Harmon*, 335 Ill. App. 3d at 691; *State Farm Insurance Co. v. Rodrigues*, 324 Ill. App. 3d 736, 741 (2001).

For these reasons, we find that the trial court abused its discretion in granting defendant's motion to bar plaintiff from presenting evidence or testimony at trial and in entering summary judgment in favor of defendant. We reverse the judgment of the trial court and remand for further proceedings.

Reversed; cause remanded.

O'BRIEN and NEVILLE, JJ., concur.