GOVERNMENT EMPLOYEES INSURANCE COMPANY, a/s/o Rosalyn Walton, Plaintiff-Appellant, v. DAVID SMITH, Defendant-Appellee.

First District (2nd Division)  No. 1—03—2438

Opinion filed February 8, 2005, *nunc pro tunc* January 11, 2005.—Rehearing denied February 3, 2005.

916

Kevin J. Kawa, of Chicago (Kevin M. Gross, of counsel), for appellant.

Parrillo, Weiss & O'Halloran, of Chicago (Keeley Truax, of counsel), for appellee.

JUSTICE GARCIA delivered the opinion of the court.

On February 18, 2002, the plaintiff, Government Employees Insurance Company (GEICO), filed a subrogation action against the defendant, David Smith, for property damage related to a traffic accident with Rosalyn Walton, GEICO's subroger.

On August 19, 2002, a mandatory arbitration hearing took place and the arbitrators entered an award in favor of GEICO. However, the arbitrators' order noted "bad faith participation by [GEICO] in that [GEICO] failed to produce, pursuant to [a] Rule 237 Notice To Produce [166 Ill. 2d R. 237(b)] 'GEICO estimator John Ciullo' as to the issue of amount of damages."

Both parties rejected the arbitration award. Smith subsequently filed a motion to bar GEICO from presenting evidence at trial for failure to comply with Rule 237. 166 Ill. 2d R. 237. On October 10, 2002, Judge Francis Dolan granted Smith's motion. Subsequently, Smith filed a motion for summary judgment which was also granted.

GEICO appeals arguing that the trial court abused its discretion in (1) barring GEICO from presenting evidence at trial, and (2) entering summary judgment.

## BACKGROUND

In its subrogation action against Smith, GEICO sought to recover damages in the amount of $3,867.33 for property damage to its insured's vehicle, rental expenses incurred by its insured, and its insured's deductible.

On April 16, 2002, Smith served GEICO with a notice to produce, pursuant to Rule 237 (166 Ill. 2d R. 237(b)) and section 2—1102 of the Illinois Code of Civil Procedure (735 ILCS 5/2—1102 (West 2000)), demanding that, *inter alia*, GEICO produce

"11. *** the claim's [*sic*] adjuster named on the [*sic*] estimate of plaintiff's vehicle with the entire claims filed [*sic*] and with the NADA[1] book or any other source used to evaluate the value of the vehicle on the date of loss."

On June 24, 2002, Smith served GEICO with a supplemental notice to produce, again pursuant to Rule 237 and section 2—1102. The supplemental notice to produce demanded GEICO produce:

"11. *** the claim's [*sic*] adjuster named on the [*sic*] estimate of plaintiff's vehicle with the entire claims filed [*sic*] and with the NADA book or any other source used to evaluate the value of the vehicle on the date of loss.

12. JOHN CIULLO—GEICO ESTIMATOR."

On August 19, 2002, a mandatory arbitration hearing took place. At the arbitration hearing GEICO produced neither its claims adjuster nor John Ciullo. The arbitrators' unanimous written order was entered in favor of GEICO. However, the arbitrators also indicated that GEICO had acted in "bad faith." The arbitrators' order specifically stated as follows:

"Award in favor of [GEICO] *** in the amount of $2,489.29, plus costs of $138.73 based on a copy of clerk's receipt for same, the

---

[1]NADA is an acronym for the "National Automobile Dealers Association." "The National Automobile Dealers Association, founded in 1917, represents more than 20,000 new car and truck dealers, with more than 43,000 franchises nationwide, both domestic and international." NADA online at http://www.nada.org.

panel finding bad faith participation by plaintiff in that plaintiff failed to produce, pursuant to a Rule 237 notice to produce 'GEICO estimator John Ciullo' as to the issue of [the] amount of damages." The record on appeal does not contain a transcript of the arbitration proceeding. Each party filed a notice rejecting the arbitration award.

On September 5, 2002, Smith filed a motion to bar GEICO from producing evidence at trial on the grounds that (1) GEICO failed to produce its employee to testify at the arbitration hearing pursuant to Smith's Rule 237 notice to produce, and (2) the arbitrators found GEICO's failure to produce John Ciullo, misidentified as GEICO's estimator, indicated that GEICO did not participate in good faith during the arbitration proceedings.

On September 19, 2002, GEICO filed a response to Smith's motion to bar. GEICO stated that "[t]he initial repair estimate was written by John Ciullo, an employee of C.D.E. Body Shop II, Inc., located at 5710 S. Western Avenue, in Chicago, Illinois." GEICO further stated that "Mr. [John] Ciullo was employed by that company on all relevant dates, not GEICO." GEICO further argued that because John Ciullo was not its employee, Rule 237 could not be used to compel his appearance. Instead of a Rule 237 notice to appear, GEICO argued, Smith should have issued a subpoena directly to John Ciullo.

On October 10, 2002, Judge Francis Dolan granted Smith's motion to bar GEICO from presenting evidence at trial. The record does not contain a transcript of the hearing on the matter, nor does Judge Dolan's order contain his reasoning.

In October 2002, GEICO filed a petition for rehearing. Judge James P. McCarthy struck that petition.

In March 2003, GEICO filed a motion to vacate Judge Dolan's barring order of October 10, 2002. In April 2003, Judge Shelli D. Williams-Hayes struck GEICO's motion to vacate following oral argument by both parties. The record does not contain a transcript of this argument. However, Judge Williams-Hayes' order states, "Plaintiff's [GEICO's] motion is stricken by the court. The court heard oral argument from both parties' counsel and instructed plaintiff's counsel to bring the motion before Judge Dolan."

In May 2003, GEICO filed a motion with Judge Dolan to reconsider the order he entered on October 10, 2002. GEICO filed a written argument, the arbitrators' award, Judge Dolan's October 10, 2002, order, a repair bill from C.D.E. Body Shop II, Inc., and an affidavit from John Ciullo. The repair bill from C.D.E. Body Shop II, Inc., was entitled "ESTIMATE OF RECORD," denoted that it was "Written by: John Ciullo #01/09/2001 12:19 PM," and listed the "Adjuster: FRANK CIR-

ILLO."[2] John Ciullo's affidavit, dated April 15, 2003, stated that he was employed by C.D.E. Body Shop II, Inc. John Ciullo's affidavit also stated that although he created an estimate of damages for GEICO on January 9, 2001, he was not an employee of GEICO.

On June 24, 2003, Judge Dolan began the hearing on GEICO's motion to reconsider by clarifying GEICO's position:

> "THE COURT: Do I understand that your argument is that there was a mistake in the 237 because they named somebody who wasn't an employee?
>
> [GEICO's Attorney]: That's correct, Your Honor.
>
> THE COURT: Is that the thrust of where we're going?
>
> [GEICO's Attorney]: The mistake was that the arbitrators assumed that a person was an employee of GEICO, when the document, namely the paid repair bill, clearly stated that the person was an employee of an independent body shop. CDE Body Shop II, Inc."

Smith's attorney argued that he sent GEICO two Rule 237 notices to produce. Smith's attorney contended that both notices to produce contained language seeking "the claim's [*sic*] adjuster named on the [*sic*] estimate of plaintiff's vehicle." Additionally, the June 21, 2002, notice to produce asked that "JOHN CIULLO—GEICO ESTIMATOR" be produced. Smith's attorney argued that at no time did GEICO object to either of the notices to produce or alert Smith that John Ciullo was not a GEICO employee. Smith's attorney stated that, instead, GEICO took part in the arbitration without producing anyone, either GEICO's claims adjuster, Frank Cirillo, or John Ciullo.

GEICO acknowledged receiving Smith's supplemental notice to produce but argued that the repair bill clearly indicated that John Ciullo was an employee of C.D.E. Body Shop II, Inc. GEICO argued that Smith's attorney assumed that John Ciullo was an employee of GEICO. GEICO also argued that if Smith truly needed John Ciullo to testify, Smith needed to subpoena him. Moreover, GEICO's attorney admitted before Judge Dolan that Frank Cirillo, listed on the repair bill from C.D.E. Body Shop II, Inc., as a claims adjuster, was an employee of GEICO.

The following discussion then took place:

> "THE COURT: Well, what about the obligation of counsel when he receives a notice to produce where there is clear error on its face, to advise defense counsel in this case of that error so that there can be a full and complete hearing of the matter?

---

[2]We note that although the repair bill from C.D.E. Body Shop II, Inc., names the "Adjuster: FRANK CIRILLO," the transcript repeatedly refers to "Frank Ciullo."

[GEICO's Attorney]: That's—

THE COURT: I mean otherwise, what we've done is we get out of the sunlight where we—where I think discovery rules are meant to put us, and we are back to gamesmenship and we are in shadows, and we are in places that I don't believe the Supreme Court wants us to go.

[GEICO's Attorney]: There's no gamesmanship going on here.

THE COURT: Well, then why didn't you tell them that they had made a mistake?

[GEICO's Attorney]: Because, Your Honor, we tendered a copy of the paid repair bill which made it clear on its face, which was included in the 90(c) packet [166 Ill. 2d R. 90(c)] they had long before this hearing was conducted.

＊ ＊ ＊

[Smith's Attorney]: If the order had said—let's say that [GEICO's] Counsel had advised us that it was actually—I assume that they are relying that it's Frank [Cirillo] is actually the real employee of GEICO.

THE COURT: I don't know. Are you?

[GEICO's Attorney]: Your Honor, the—

THE COURT: [How] did they err?

[GEICO's Attorney]: I mean the error was naming John Ciullo, GEICO estimator, because John Ciullo has never been a GEICO estimator, or worked in any capacity for GEICO.

[Smith's Attorney]: I'm just asking Counsel. Is Frank [Cirillo] the employee that they—because you keep saying that it's clear on its face of who the GEICO employee is, and I don't see that.

[GEICO's Attorney]: Frank [Cirillo] was never named in the 237 notice. He is—

THE COURT: Is he the employee?

[GEICO's Attorney]: He is an employee of the company. He was never named in the 237 notice.

[Smith's Attorney]: Judge, I would ask that—the Court could just as easily interpret this award to say they didn't bring anybody pursuant to 237. It doesn't matter who we put—does it matter if we would have put John Ciullo or Frank [Cirillo]? It doesn't matter, because at the end as to the issue of amount of damages, that's the issue there. They didn't bring a person, that's bad faith participation. That's what [the arbitrators] found.

＊ ＊ ＊

THE COURT: Thank you. Now then, I am loath to put myself in the position of second-guessing the arbitrators who had the benefit of the hearing, and I don't. I have their award, but it seems to me on my understanding of 237 as well as any of the other discovery rules, is that the accommodation is to the effective and efficient

administration of justice. And it seems to me we can only have that when we—when we have the kind of practice where if somebody asks for a certain—in this case a certain individual or a certain proof, here an estimator, based upon the estimate, and that's what it is, estimate of record, who it's written by, and adjuster, there's two different names, there's nothing really clear on [the repair bill's] face as to the employment that those two people enjoyed, but I think that the—I think that the rules are meant to go beyond the surface on this to the understanding of the parties as to what the other side is requesting, so that we can have purposeful hearings, be they arbitration hearings, be they full blown hearings here before a jury, and so I have listened to your arguments, I have had the benefit of reviewing your motion to reconsider here, but I'm not persuaded *** either that the award of the arbitrators should be set aside, or that my order of the 10th of October, 2002, should be vacated."

On June 24, 2003, following Judge Dolan's denial of GEICO's motion to reconsider, Smith filed a motion for summary judgment. Summary judgment was granted over GEICO's objection and this appeal followed.

## ANALYSIS

GEICO argues in its reply brief that "[t]he main issue in this appeal is whether or not the trial court improperly expanded Rule 237(b) to apply to a witness who is not a party nor an officer, director, or employee of a party." GEICO's argument relates to its noncompliance with Smith's Rule 237 request for GEICO to produce John Ciullo. GEICO contends it could not be compelled to produce John Ciullo as he was not "an officer, director, or employee" of GEICO. 166 Ill. 2d R. 237(b). We emphasize that although Smith's supplemental Rule 237 notice to produce asked that "John Ciullo—GEICO estimator" be produced at the arbitration hearing, both Smith's Rule 237 notice and supplemental notice to produce also sought GEICO's "claim's [sic] adjuster."

The record clearly establishes that John Ciullo created a repair estimate for GEICO but was not a GEICO employee. However, and more importantly to our resolution of this case, the record also demonstrates, as admitted by GEICO's attorney, that Frank Cirillo, GEICO's "claim's [sic] adjuster," was a GEICO employee, was listed in paragraph 11 of each of Smith's Rule 237 notices, and was not produced by GEICO at the arbitration hearing. In light of the foregoing facts, we find the issue to be whether Judge Dolan's October 10, 2002, sanction, which barred GEICO from presenting evidence at trial due to GEICO's failure to comply with Rule 237, was an abuse of

discretion, where Smith had requested GEICO produce its "claim's [*sic*] adjuster," an admitted GEICO employee, and GEICO failed to do so.

We begin by noting that Judge Dolan did not specifically designate under which supreme court rule he was granting Smith's motion to bar GEICO from presenting any evidence or witnesses at trial. However, Smith's motion to bar GEICO from presenting evidence makes only one allegation: GEICO failed to comply with Smith's Rule 237 notice and supplemental notice to produce. See *Government Employees Insurance Co. v. Campbell*, 335 Ill. App. 3d 930, 936, 781 N.E.2d 639 (2002). Therefore, Judge Dolan granted Smith's motion as a sanction for GEICO's violation of Rule 237. See *Campbell*, 335 Ill. App. 3d at 936.

■ Supreme Court Rule 237(b) states in pertinent part:

> "The appearance at the trial of a party or a person who at the time of trial is an officer, director, or employee of a party may be required by serving the party with a notice designating the person who is required to appear. *** Upon a failure to comply with the notice, the court may enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate." 166 Ill. 2d R. 237(b).

Supreme Court Rule 90(g) provides that Rule 237 is equally applicable to arbitration hearings and trials. 166 Ill. 2d R. 90(g); *Campbell*, 335 Ill. App. 3d at 933. "The supreme court rules regarding mandatory arbitration are designed to prevent abuse in, and to uphold the integrity of, the arbitration process." *State Farm Mutual Insurance Co. v. Koscelnik*, 342 Ill. App. 3d 808, 810, 795 N.E.2d 1001 (2003). "Rule 91(b) provides that parties to an arbitration must participate in the proceedings in good faith and in a meaningful manner." *State Farm Mutual Insurance Co. v. Santiago*, 344 Ill. App. 3d 1010, 1013, 801 N.E.2d 142 (2003), citing 145 Ill. 2d R. 91(b). Supreme Court Rule 219(c) states that failure to comply with a Rule 237(b) notice may include an order barring the offending party from presenting any evidence or witnesses. 166 Ill. 2d R. 219(c); *Santiago*, 344 Ill. App. 3d at 1013.

We note that the parties do not agree upon our standard of review. GEICO contends that "this appeal presents a question of law, not a question of fact, and concerns the construction of a Supreme Court Rule." GEICO also argues that we should review this matter *de novo* as "Smith presented no evidence to the trial court to rebut the evidence tendered by the plaintiff, GEICO, which showed that John Ciullo was not a GEICO employee." In opposition, Smith contends that the trial court's decision to impose sanctions due to GEICO's

conduct during the arbitration hearing should not be reversed absent an abuse of discretion. We agree with Smith.

■ "Sanctions for failing to comply with a Rule 237 notice are to be imposed when failure to comply is determined to be unreasonable." *Campbell*, 335 Ill. App. 3d at 933. "A circuit court's decision barring a party from presenting evidence at trial and imposing sanctions is subject to an abuse of discretion standard of review." *Santiago*, 344 Ill. App. 3d at 1013. "An abuse of discretion occurs when the court's ruling is arbitrary or exceeds the bounds of reason." *Santiago*, 344 Ill. App. 3d at 1013. "[T]he burden is on the offending party to show that its noncompliance with a Rule 237 notice was reasonable or the result of extenuating circumstances." *Campbell*, 335 Ill. App. 3d at 933.

In the instant case, Smith's Rule 237 supplemental notice to produce requested that GEICO produce two individuals, GEICO's claims adjuster, as listed in paragraph 11, and John Ciullo, as named in paragraph 12 as GEICO's estimator. The arbitrators made a unanimous finding that GEICO failed to participate in the arbitration hearing in good faith due to GEICO's failure to produce John Ciullo as requested by Smith's Rule 237 supplemental notice to produce. However, before Judge Dolan, GEICO argued that it could not be compelled by Rule 237 to produce John Ciullo as he was not employed by GEICO but was instead employed by C.D.E. Body Shop II, Inc. Also at the hearing before Judge Dolan, GEICO admitted that the "claim's [*sic*] adjuster" named on the C.D.E. Body Shop II, Inc., repair bill, Frank Cirillo, was a GEICO employee. Although Smith requested GEICO produce its "claim's [*sic*] adjuster," GEICO failed to present Frank Cirillo at the arbitration hearing.

■ "Parties to an arbitration must subject the case to the same type of adversarial testing expected at trial." *Santiago*, 344 Ill. App. 3d at 1013. Bad-faith participation in an arbitration hearing " 'may consist of "inept preparation or intentional disregard for the process." ' " *Givens v. Renteria*, 347 Ill. App. 3d 934, 942, 808 N.E.2d 1009 (2003) quoting *Anderson v. Mercy*, 338 Ill. App. 3d 685, 689, 788 N.E.2d 765 (2003), quoting *Schmidt v. Joseph*, 315 Ill. App. 3d 77, 83, 733 N.E.2d 694 (2000).

■ In this case, although the arbitrators unanimously found that GEICO acted in bad faith by failing to produce John Ciullo, it is clear that John Ciullo was not an employee of GEICO. As such, Smith's Rule 237 notice to produce John Ciullo, and GEICO's noncompliance with the Rule 237 notice concerning John Ciullo, could not be subject to a bad-faith finding by the arbitrators under Rule 91(b). 145 Ill. 2d R. 91(b). However, the absence of a basis for a bad-faith finding by the arbitrators regarding GEICO's failure to produce its claims adjuster,

Frank Cirillo, does not support GEICO's position on appeal. *State Farm Insurance Co. v. Jacquez*, 322 Ill. App. 3d 652, 656, 749 N.E.2d 462 (2001).

Implicit in the arbitrators' unanimous award is its finding that GEICO failed to participate in the arbitration proceedings "in good faith and in a meaningful manner" (145 Ill. 2d R. 91(b)), because GEICO violated Smith's Rule 237 notice to produce. As Smith's Rule 237 notice and supplemental notice to produce both requested GEICO's "claim's [*sic*] adjuster named on the [*sic*] estimate," and the claims adjuster was an employee of GEICO, and GEICO failed to produce its claims adjuster, a finding that GEICO violated Rule 237 has been established. See *Campbell*, 335 Ill. App. 3d at 934 (proper Rule 237 notice where plaintiff requested to bring the " 'adjuster with the entire claim file' "). The trial court has the discretion to impose sanctions when it finds that a party has failed to participate in arbitration hearings in good faith and in a meaningful manner. *Smith v. Gleash*, 325 Ill. App. 3d 79, 83, 757 N.E.2d 101 (2001).

In this case, Judge Dolan specifically commented:

> "If somebody asks for a certain—in this case a certain individual or a certain proof, here an estimator, based upon the estimate, and that's what it is, estimate of record, who it's written by, and adjuster, there's two different names, there's nothing really clear on [the repair bill's] face as to the employment that those two people enjoyed, but I think that the—I think that the rules are meant to go beyond the surface on this to the understanding of the parties as to what the other side is requesting."

Smith specifically issued a Rule 237 notice to produce and a supplemental notice to produce, requesting GEICO produce both John Ciullo and the "claim's [*sic*] adjuster," now identified as Frank Cirillo. GEICO produced neither. Even though Smith should have subpoenaed John Ciullo, as he was not an employee of GEICO, the claims adjuster, Frank Cirillo, was admittedly an employee of GEICO and should have been produced pursuant to Smith's Rule 237 notices to produce. Clearly, the burden was on GEICO to demonstrate why its noncompliance with Smith's Rule 237 notice to produce its "claim's [*sic*] adjuster," Frank Cirillo, was "reasonable or the result of extenuating circumstances" (*Campbell*, 335 Ill. App. 3d at 933). Indeed, GEICO produced no evidence with regard to its noncompliance in producing Frank Cirillo either before Judge Dolan, or before this court.

That Smith's Rule 237 notice to produce requested "the claim's [*sic*] adjuster named on the estimate of plaintiff's vehicle," and that the claims adjuster, Frank Cirillo, was admittedly an employee of GEICO, make this case distinguishable from *State Farm Mutual Insur-*

*ance Co. v. Nasser*, 337 Ill. App. 3d 362, 785 N.E.2d 934 (2003). In *Nasser*, the defendant's notice to produce "was defective in that it only requested 'plaintiff(s)' and did not designate a specific employee to appear." *Nasser*, 337 Ill. App. 3d at 368. Moreover, the fact that Smith requested the claims adjuster in a Rule 237 notice to produce, and the fact that Judge Dolan's denial of GEICO's motion for reconsideration was based on GEICO's noncompliance, also makes the case at bar distinguishable from *State Farm Insurance Co. v. Harmon*, 335 Ill. App. 3d 687, 781 N.E.2d 335 (2002). In *Harmon*, "[t]he [trial] court did not base the imposition of sanctions on Rule 237(b)." *Harmon*, 335 Ill. App. 3d at 689.

Instead, we find the case *sub judice* similar to *Campbell*. In *Campbell*, the "defendant filed a proper Rule 237 notice that included, among other things, that plaintiff bring the 'adjuster with the entire claim file' to the arbitration hearing." *Campbell*, 335 Ill. App. 3d at 934. The plaintiff did not do so and attempted to make light of its noncompliance by referring to it as a "mere failure" and characterizing it as "an oversight." *Campbell*, 335 Ill. App. 3d at 934.

Similarly, in this case, Smith issued two Rule 237 notices to GEICO. In paragraph 11 of Smith's notice to produce, he requested GEICO produce its "claim's [*sic*] adjuster." Further, in paragraph 11 of Smith's supplemental notice to produce, he again requested GEICO produce its "claim's [*sic*] adjuster." In its argument before Judge Dolan, GEICO admitted receiving Smith's supplemental notice to produce and admitted that the claims adjuster named on its insured's repair bill, Frank Cirillo, was a GEICO employee. As Smith sent GEICO a Rule 237 notice and supplemental notice to produce requesting its "claim's [*sic*] adjuster," and as that individual, Frank Cirillo, was a GEICO employee, GEICO had an obligation to produce him before the arbitration panel. Judge Dolan found GEICO's argument that it was unnecessary for it to produce anyone other than its insured was without merit because "there was a notice to produce put upon you."

We note that we can affirm Judge Dolan on any ground. Although GEICO could not be compelled by Rule 237 to produce John Ciullo, GEICO had an obligation to produce Frank Cirillo as Smith issued GEICO two notices to produce requesting, in paragraph 11, the "claim's [*sic*] adjuster." See *Campbell*, 335 Ill. App. 3d at 934. Therefore, we find no abuse of discretion in Judge Dolan's order barring GEICO from presenting testimony or evidence at trial.

We also find no error in the circuit court's grant of summary judgment. Based on our own findings, GEICO violated Supreme Court Rule 237 by not producing its "claim's [*sic*] adjuster," Frank Cirillo.

926

As GEICO violated Rule 237, the sanction debarring GEICO from presenting any testimony or evidence at trial was within the trial court's discretion and a grant of summary judgment necessarily followed.

## CONCLUSION

Based on the foregoing, we find that Judge Dolan did not abuse his discretion in barring GEICO from presenting evidence or witnesses at trial. Hence, the trial court's award of summary judgment is affirmed.

Affirmed.

BURKE, P.J., and WOLFSON, J., concur.